UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x
                                          :
MIGUEL ACOSTA (pro se),                   :
                                          :
                          Petitioner,     :
                                          :     04 Civ. 7963 (GEL)
            v.                            :
                                          :     **OPINION AND ORDER**
DAVID MILLER, Superintendent, Eastern     :
New York Correctional Facility,           :
                                          :
                          Respondent.     :
------------------------------------------------------------x

GERARD E. LYNCH, District Judge:

   Miguel Acosta, a New York State prisoner, seeks a writ of habeas corpus, challenging his conviction for kidnaping and robbery and resulting sentence principally to concurrent terms of imprisonment totaling 18 years to life. The petition is without merit and will be denied.

   The evidence at Acosta's trial amply permitted a jury to find beyond a reasonable doubt that petitioner, along with three other persons, abducted one Jose Vicioso off the street at gunpoint, held him bound and gagged as a prisoner for about a day until he escaped their custody, beat and tortured him, and threatened to kill him and his family unless he returned money they claimed had been stolen from them.

   Acosta makes two claims of constitutional error, both of which were presented to the New York courts on direct appeal and rejected. See People v. Acosta, 765 N.Y.S.2d 35 (1st Dept. 2003). First, Acosta claims that he was denied due process because the prosecution failed to disclose, until mid-trial, a tape-recording of a 911 call made by Vicioso's cousin, Miguel Valdez, which Acosta claims was material exculpatory evidence. Second, Acosta claims that the

judge misinstructed the jury about the prosecution's burden of proof, explicitly stating at one point that the prosecution was not required to prove Acosta's guilt beyond a reasonable doubt.

Acosta's argument with respect to the 911 tape is completely without merit. Because the claim was rejected on the merits, habeas corpus relief is only available if the Appellate Division's rejection of his claim was "contrary to, or involved an unreasonable application of, clearly established" Supreme Court precedent. 28 U.S.C. § 2254(d)(1). As the Appellate Division correctly recognized, the applicable constitutional rule is provided by Brady v. Maryland, 373 U.S. 83 (1963), which requires prosecutors to disclose exculpatory evidence material to the determination of a defendant's guilt or innocence. Evidence is material in this sense "if there is a reasonable probability that, had the evidence been disclosed to the defense, the result of the proceeding would have been different." United States v. Bagley, 473 U.S. 667, 682 (1985).

The 911 tape is arguably material to guilt or innocence. In it, Valdez reports to the police a break-in at his apartment, but fails to report his cousin's alleged abduction, even though Vicioso had taken sanctuary in Valdez's apartment after his escape from the kidnapers and was still there when the call was made.[1] While not directly exculpatory, the tape thus provides a basis for the defense to cast doubt on the credibility of Vicioso's account of his abduction. "Favorable evidence includes not only evidence that tends to exculpate the accused, but also evidence that is

---

[1] Acosta argues that there are discrepancies between the trial transcript and what was actually said on the 911 tape (without explaining what those discrepancies are). Because the 911 tape is not in the record before this Court, Acosta requests the opportunity to produce the tape for the Court's inspection. That is unnecessary, however. There was no Brady violation, regardless of the exculpatory value of the tape, because it was timely disclosed by the prosecution.

2

useful to impeach the credibility of a government witness." United States v. Coppa, 267 F.3d 132, 139 (2d Cir. 2001), citing Giglio v. United States, 405 U.S. 150, 154 (1972).

Assuming arguendo that the prosecution was required to disclose the tape, the evidence was in fact disclosed. As the Second Circuit has held, "as long as a defendant possesses Brady evidence in time for its effective use, the government has not deprived the defendant of due process of law simply because it did not produce the evidence sooner." Coppa, 267 F.3d at 144. Here, the prosecution produced the tape in sufficient time for the defense to call Valdez as a witness and cross-examine him about his failure to report the kidnaping.[2] The defense was thus able to exploit whatever exculpatory value the material had.

Before the Appellate Division, Acosta argued that earlier disclosure would have affected his trial strategy. Due process is only denied, however, if "there is a reasonable probability that earlier disclosure of the evidence would have produced a different result at trial." Id. Acosta cannot meet this standard. The only trial strategy he has ever claimed would have been affected is that his co-defendant, Mirna Campos, might not have testified if Valdez's potential as a witness had been identified earlier through disclosure of the tape. But as the Appellate Division correctly held, Campos's testimony, which painted Vicioso as a jilted lover who implicated her in a crime as an act of revenge, in no way implicated or prejudiced Acosta, and tended to support the defense theory that Vicioso had fabricated his account of his ordeal. See Acosta, 765

---

[2] Valdez explained that he had not reported the kidnaping because he was nervous and scared and was more concerned about the apparent attempt to enter his apartment. He also testified that when officers responded to the call, he had attempted to report the abduction, but failed because the officers did not understand Spanish. Vicioso and Valdez went to the precinct the following day and reported the kidnaping.

N.Y.S.2d at 36. There is no reason to think she would not have testified if Valdez had been called first, and no reason to think that the jury's verdict would have been different if she had not testified.

Accordingly, the Appellate Division's rejection of Acosta's <u>Brady</u> argument was a reasonable, and indeed correct, application of governing federal law.

Acosta's challenge to the jury instructions is based on the italicized language in the following passage in the judge's charge to the jury:

> The law provides that the burden o[f] responsibility [sic] proving the defendant[']s guilt beyond a reasonable doubt is upon the People. This burden never shifts. Remains on the People during the entire trial. Even i[n] a case where a defendant chosen [sic] to testify, defendant has no burden to proof [sic] or disprove anything. The burden of proof relies [sic] entirely with the People.
>
> Now the law requires a certain standard of proof for a defendant[']s conviction. That standard is as follows: Before a person may be convicted of a crime, verdict of a jury, the evidence must establish to the jury [sic] satisfaction beyond a reasonable doubt each and every element of the crime and that the defendant on trial committed this crime. As a just state the standard of proof required by law on every criminal case is proof of guilt beyond a reasonable doubt. *That standard however does not require the People to prove the defendant guilty beyond a reasonable doubt.* All possibility of a doubt but beyond [a] shadow of a doubted [sic] or beyond any doubt or to a mathematical or scientific certainty requires the People to establish the defendant[']s guilty beyond a reasonable doubt [sic].

(Trial Tr. at 1090-91 (emphasis added).)

The challenged language is, of course, flatly contrary to law. However, Acosta failed to object to the charge at the time it was given. This failure to object doomed his state court appeal on this ground. The Appellate Division ruled that the issue had not been preserved, as required

4

by state law, see N.Y. Crim. Proc. L. § 470.05(2); People v. Autry, 75 N.Y.2d 836, 839 (1990); Reyes v. Keane, 118 F.3d 136, 138 (2d Cir. 1997), and declined discretionary review in the interest of justice. 765 N.Y.S.2d at 36. Since this procedural default constitutes an independent and adequate state law ground of decision, see Cotto v. Herbert, 331 F.3d 217, 240 (2d Cir. 2003) (establishing standards for adequacy of state procedural bar), habeas relief is only available if the petitioner establishes cause for the default and prejudice resulting from it. Harris v. Reed, 489 U.S. 255, 262 (1989).[3]

Acosta cannot establish prejudice here. As the Appellate Division noted, even if the merits of Acosta's claim were reached, he would not prevail. First, it is highly unlikely that the judge actually said the words reported in the transcript, or was understood by the jury to have said or meant them. As the excerpt quoted above makes plain, the transcript is completely garbled. It is unlikely that any judge could make such a flagrant mistake, or that if she did, any lawyer would fail to object. Moreover, the transcript, taken literally, is not only erroneous, but contradictory: The judge is recorded as saying that the burden of proof is "proof of guilt beyond a reasonable doubt," but that "[t]hat standard however does not require the People to prove the defendant guilty beyond a reasonable doubt," a flatly nonsensical contradiction. (Tr. at 1091.) Moreover, the next reported sentence, which is syntactically incoherent, refers to "[a]ll possibility of a doubt" and "mathematical or scientific certainty." (Id.) A reasonable inference is that the judge was giving the conventional instruction that proof beyond a reasonable doubt does not

---

[3] Habeas relief would also be available if failure to review the claim would result in a fundamental miscarriage of justice, in the form of the conviction of one who is actually innocent. Id.; Aparicio v. Artuz, 269 F.3d 78, 90 (2d Cir. 2001). In view of the trial evidence, Acosta cannot avail himself of this exception.

5

require proof beyond *any* doubt, merely proof beyond a *reasonable* doubt. It seems apparent (as the Appellate Division said it would have found if it had reached the merits) "that the challenged portion of the charge appears to reflect a recording error by the court reporter." 765 N.Y.S.2d at 36. If the words recorded in the transcript were said at all, the context suggests they were a slip of the tongue, promptly corrected by the following words, "[a]ll possibility of a doubt."

Moreover, even with respect to so crucial a matter as the burden of proof, "a challenged portion of the jury instructions 'may not be judged in artificial isolation,' but rather must be judged as the jury understood it, as part of the whole instruction." Chalmers v. Mitchell, 73 F.3d 1262, 1267 (2d Cir.1996), quoting Cupp v. Naughten, 414 U.S. 141, 147 (1973). The judge here repeatedly instructed the jury that the burden was on the prosecution to prove every element of the charged offenses beyond a reasonable doubt. (Tr. at 1090-92, 1100, 1103, 1105, 1106, 1108, 1109, 1111-14, 1116, 1117.) There is thus no possibility that the jury was misled about the burden of proof.

Accordingly, Acosta's objection to the jury instructions is procedurally defaulted and without merit. Finally, in his reply submission, Acosta requests that the Court permit him to conduct discovery and appoint legal counsel to assist him in doing so. Those requests will be denied. "[I]t is well-settled that a habeas corpus petitioner is not entitled to discovery as a matter of course. . . . A petitioner must show good cause for his request." Perez v. United States, 378 F. Supp. 2d 150, 157 (S.D.N.Y. 2005), citing Drake v. Portuondo, 321 F.3d 338, 346 (2d Cir. 2003). Acosta has failed to show that discovery will yield evidence material to the disposition of his petition.

For the reasons stated above, the petition for a writ of habeas corpus is denied. As Acosta has not made a substantial showing of the denial of a constitutional right, a certificate of appealability will not issue. See 28 U.S.C. § 2253(c)(2); Lucidore v. N.Y. Div. of Parole, 209 F.3d 107, 111–13 (2d Cir. 2000).

SO ORDERED.

Dated: New York, New York
November 28, 2005

_____
GERARD E. LYNCH
United States District Judge